DANIELSON, Plaintiff-Respondent, v. BRODY SEATING COMPANY, a foreign corporation, Defendant-Appellant: MARSHALL FIELD & COMPANY, a foreign corporation, and another, Defendants-Respondents.

*No. 13 (1974). Submitted on briefs September 9, 1975.—Decided February 23, 1976.*
(Also reported in 238 N. W. 2d 531.)

For the appellant the cause was submitted on the briefs of *Harold A. Dall, Russell M. Ware* and *Kasdorf, Henderson, Dall, Lewis & Swietlik,* all of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *James P. Brennan* and *Simarski, Goodrich, Grennan & Stack* of Milwaukee.

For the defendant-respondent Marshall Field & Company the cause was submitted on the brief of *William H. Frazier* and *Godfrey & Trump,* all of Milwaukee.

WILKIE, C. J. This appeal involves the correctness of the trial court's order denying the motion of the defend-

ant-appellant, Brody Seating Company, to dismiss the complaint and cross-complaints against it for want of personal jurisdiction. The underlying action involves a suit brought by plaintiff-respondent, Reuben Danielson, against Brody Seating Company and the defendants-respondents, Marshall Field & Company and Lucille Pyter, for personal injury suffered by plaintiff when a chair made by Brody Seating Company and sold by Marshall Field & Company collapsed during use by the plaintiff at the home of Lucille Pyter.

Brody Seating Company objected to personal jurisdiction on the ground of improper service of process. We agree that there was improper service and therefore reverse the trial court's order finding proper service.

At the trial court's hearing on the Brody motion to determine the sufficiency of the service on Brody Seating Company,[1] the plaintiff offered proof of service in the form of an affidavit of Deputy Sheriff V. Battista, in which he swears that he served the summons and complaint on the Brody Seating Company "by delivering to and leaving with one M. Brody true copies" of the summons and complaint.

Samuel Steinberg, secretary of Brody Seating Company since 1965 and associated with the corporation since 1946, testified that he was not aware of any officer, director, managing agent or anyone associated with the corporation on the purported date of service (August 8, 1972) with the name "M. Brody." This testimony was corroborated by copies of the corporation's annual reports, issued October, 1971, and October, 1972. On August 8, 1972, the president and treasurer was Harry Brody; the executive vice-president, Leo N. Brody. Steinberg described the physical layout of the corporation. The offices were located on the second floor. The main entrance, lobby, and receptionist were located on the first floor. The receptionist's job was to direct people to the

[1] As provided in sec. 262.16 (3), Stats.

proper place to transact their business. If someone attempted to serve a summons upon the receptionist, she would automatically not accept it but would direct the individual to Mr. Steinberg's office. He did not know the name of the receptionist on August 8, 1972. There is no receptionist on the second floor. Steinberg first became aware of the lawsuit on August 8, 1972, when he found the papers on his desk. He had no idea how they got there. He did not discuss the lawsuit with other officers of the corporation. He testified that it was possible that some employee of the corporation had left the papers on his desk.

The trial court held that it had personal jurisdiction over Brody Seating Company upon proper service and denied the motion to dismiss. The court noted that the two Brodys were directors of the corporation and use of the first initial "M" was "a slight oversight such as the first initial would easily have been mistaken for one Leo N. Brody." The court further observed that immediate notice was "transmitted" to Steinberg's office.

What constitutes proper service of a summons is prescribed by statute. Sec. 262.06, Stats., insofar as it is applicable to the instant case, provides:

". . . A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

". . .

"(5) DOMESTIC OR FOREIGN CORPORATIONS, GENERALLY. Upon a domestic or foreign corporation:

"(a) By personally serving the summons upon an officer, director or managing agent of the corporation either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office."

The burden of proving a defendant is subject to the jurisdiction of the court is on the plaintiff or the party

asserting jurisdiction.[2] The plaintiff accepts his burden but contends that, under sec. 891.18, Stats., Deputy Sheriff Battista's affidavit of service constitutes presumptive proof that the summons was served; that the burden of showing service and jurisdiction has been met; and that Brody Seating Company must overcome this presumption. Sec. 891.18 provides:

". . . Whenever any notice or other writing is by law authorized or required to be served the affidavit of the person serving it, setting forth the facts necessary to show that it was duly served, shall be presumptive proof that such notice or writing was duly served. But this section shall not apply to any service where another way of proving such service is expressly prescribed by law."

In the instant case, the plaintiff is not entitled to this presumption because the affidavit does not set forth "facts necessary to show that it was duly served." Deputy Sheriff Battista's affidavit states that the summons was served on "M. Brody" but does not identify M. Brody as one upon whom service may be made under sec. 262.06 (5) (a). He does not aver that M. Brody was an officer, director or managing agent of Brody Seating Company or one apparently in charge of one of their offices.

Thus, the question remains whether the evidence submitted at the hearing is sufficient to show service of process and jurisdiction of the trial court. If the facts necessary to confer jurisdiction did exist, jurisdiction was acquired, however imperfect the proof of service.[3]

In any dispute over the adequacy of service of a summons, inquiry must be made not only into the very purpose of the summons, which is to give notice to the de-

[2] *Afram v. Balfour, Maclaine, Inc.* (1974), 63 Wis. 2d 702, 218 N. W. 2d 288.

[3] *Minneapolis Threshing Machine Co. v. Ashauer* (1910), 142 Wis. 646, 126 N. W. 113; *Zahorka v. Geith* (1906), 129 Wis. 498, 109 N. W. 552; *Schmidt v. Stolowski* (1905), 126 Wis. 55, 105 N. W. 44.

fendant of the pendency of an action against him, but also into whether the appropriate statutory procedures for service have been complied with.[4] Although Brody Seating Company has never asserted that it did not have actual notice of plaintiff's action, it does correctly argue that when a statute prescribes how service is to be made, that statute determines the matter. The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed,[5] and notwithstanding actual knowledge by the defendant.[6]

Sec. 262.06, Stats., prescribes that a court having subject matter jurisdiction and grounds for personal jurisdiction under sec. 262.05, may exercise personal jurisdiction over a defendant by service of a summons. A summons may be served upon a domestic or foreign corporation by personally serving an officer, director or managing agent of the corporation.[7] Personal delivery requires that ". . . there must be a direct and actual delivery of the papers to the defendant himself by the one making service."[8] The only evidence in the record of actual delivery to anyone is Deputy Sheriff Battista's averment that he delivered and left the summons and complaint with "M. Brody." M. Brody is not identified as one upon whom personal service may be made. The evidence does not establish M. Brody as an officer, director or managing agent or anyone else even associated

[4] *Heaston v. Austin* (1970), 47 Wis. 2d 67, 176 N. W. 2d 309.

[5] *Punke v. Brody* (1962), 17 Wis. 2d 9, 115 N. W. 2d 601; *Kernan v. Northern Pacific R. R.* (1899), 103 Wis. 356, 79 N. W. 403.

[6] *Span v. Span* (1971), 52 Wis. 2d 786, 191 N. W. 2d 209; *Heaston v. Austin, supra,* footnote 4; *Howard v. Preston* (1966), 30 Wis. 2d 663, 142 N. W. 2d 178.

[7] Sec. 262.06 (5) (a), Stats.

[8] *Punke v. Brody, supra,* footnote 5, at pages 11, 12.

with Brody Seating Company. The only Brodys indicated by the record are Harry Brody, president, and Leo N. Brody, vice-president. Unless this court can infer from the evidence that by "M. Brody" the deputy sheriff meant Harry or Leo N. Brody, as did the trial court, personal service is not demonstrated. We cannot draw this inference. There is no basis for us to do so.

True, sec. 262.06 (5) (a), Stats., provides an alternative method of service of process. In lieu of delivery of a copy of the summons to one of the specified officers, the copy may be left in the office of such officer, director or managing agent with a person apparently in charge of the office. The trial court was apparently impressed with the fact that the papers were immediately "transmitted" to Steinberg's office. The evidence does support actual notice, but actual notice alone is not enough to confer jurisdiction upon the court. Service must be made in accordance with the manner prescribed by statute. Mr. Steinberg's office was an office in which the papers could have been left; and, if left with a person apparently in charge thereof, jurisdiction of the court would be established. However, there is no evidence in the instant case that the summons was left with anyone associated with Brody Seating Company, much less with someone apparently in charge of the office. Any postulate of service in accordance with sec. 262.06 would be mere conjecture. The plaintiff having failed to demonstrate that service of the summons was made in accordance with the manner prescribed by statute, the trial court is without personal jurisdiction over Brody Seating Company, and its motion to dismiss should be granted.

The defendant, Marshall Field & Company, contends that, insofar as its cross-complaint for contribution is concerned, Brody Seating Company has waived its objection to the jurisdiction of the court by answering the cross-complaint without raising the jurisdictional defense.

Brody Seating Company by its answer to the complaint of the plaintiff properly raised objection to the attempted exercise of jurisdiction. This answer and the challenge to personal jurisdiction was served on the plaintiff and both co-defendants. Later a cross-complaint was served by the defendant, Marshall Field & Company. Brody Seating Company answered the cross-complaint without raising further objection to the court's jurisdiction. Marshall Field & Company now argues that the objection should have again been raised in the answer to its cross-complaint. This argument is without merit. Brody Seating Company did not waive the objection it had previously raised. If a defendant has properly raised his objection to jurisdiction in his answer, he may later take part in pretrial discovery or otherwise contest the merits of the action without waiving his objections to personal jurisdiction.[9]

*By the Court.*—Order reversed and cause remanded with direction to grant Brody Seating Company's motion to dismiss.

---

[9] *Punke v. Brody, supra*, footnote 5, at pages 15, 16.