Cynthia C. MECH, nee Stewart, Plaintiff-Appellant,

v.

Ralph BOROWSKI, Mary K. Borowski and General Casualty Company, Defendants-Respondents.†

Court of Appeals

*No. 83–541. Submitted on briefs October 24, 1983.—
Decided December 6, 1983.*
(Also reported in 342 N.W.2d 759.)

† Petition to review denied.

684

For the appellant the cause was submitted on the briefs of *Lowe, Schmidthuber & Lindell* and *Larry M. Schmidthuber* of Minneapolis, Minnesota, and *David J. Estreen* of counsel, of Hudson.

For the respondents the cause was submitted on the brief of *Wilcox & Wilcox* and *Daniel A. Enright* of Eau Claire.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Cynthia Mech appeals from a judgment dismissing her personal injury action. The court ruled that it did not have jurisdiction because Mech served a copy of her summons and complaint on the defendants before, rather than after, filing the original summons and complaint. No authenticated copies of the summons and complaint were served on the defendants after the filing. The sole issue is whether the service of a summons and complaint on a defendant before the action is commenced by filing is ineffective for the court to acquire jurisdiction over the defendant. Because the prescribed statutory procedures for commencing a civil action in which a personal judgment is sought were not complied with, the court lacked jurisdiction over the defendants. We therefore affirm the judgment.

The statutes that establish the procedure for commencing a civil action in which a personal judgment is sought are rules 801.02 and 893.02, Stats.[1]

---

[1] Rule 893.02, Stats., provides:

Action, when commenced. An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing.

Rule 801.02 (1), Stats., provides:

A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

Rule 801.02 (3), Stats., provides in part:

The original summons and complaint shall be filed together. The authenticated copies shall be served together except:
(a) . . . if the summons is served by publication.

Rule 801.02 (4), Stats., provides in part:

No service shall be made under sub. (3) until the action has been commenced in accordance with sub. (1).

Rather than following this statutory procedure, Mech first served the defendants with copies of the summons and complaint. Eight days later, on October 29, 1982, the original summons and complaint along with the affidavits of service and necessary fees were filed with the court.[2] Subsequent to the filing, no copies of the summons and complaint were served on the defendants. The three-year statute of limitations for this personal injury action expired on November 21, 1982.

Mech contends that because the defendants received notice of the action prior to the statute of limitations expiring, they were not prejudiced by receiving service of the summons and complaint ten days previous to the filing of the action. She argues that the premature service on the defendants is harmless error, and that to dismiss her case for lack of jurisdiction is contrary to the equitable doctrine of fairness.

---

[2] Wisconsin abandoned this procedure in 1976 when it adopted its Rules of Civil Procedure.

Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh. In *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 428–29, 238 N.W.2d 531, 533–34 (1976), our supreme court held that the service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed, and despite actual knowledge by the defendant. When a statute provides for service that confers jurisdiction over a party, there must be strict compliance with statutory service requirements. *519 Corporation v. State Department of Transportation*, 92 Wis. 2d 276, 287, 284 N.W.2d 643, 649 (1979). Even though failure to comply with the service requirements will result in a dismissal of the action and appear harsh under the circumstances, strict adherence to the procedural provisions is required. *Id.* at 288, 284 N.W.2d at 649. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions are to be meaningful, they must be unbending. *Id.*

Rule 801.02(4) specifically states that no service shall be made until the action has been commenced by the filing of the original summons and complaint. Rule 801.02(6), Stats., also requires that in all civil actions, the clerk's fee and suit tax be paid at the time of filing. Although we can find no Wisconsin cases on point, one of the reasons for adopting this method of commencing a civil action is contained in Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803,* 59 Marq. L. Rev. 1, 8–9 (1976) :

On the other hand, service of a summons on a defendant before the action is commenced by filing should be held to be ineffective to acquire jurisdiction over the person of the defendant. Subsection (4) of section 801.02

expressly forbids pre-filing service and any deviation from this rule by recognizing a pre-filing service as effective for any purpose, could lead to a continuous vitality for "hip pocket actions" (those which are not a matter of public record and on which no suit tax is paid) which this rule was intended to abolish.

We agree with the reasoning in the comment. Consequently, Mech's service of unauthenticated copies of the summons and complaint before, rather than after, the action was commenced by filing is ineffective for the court to acquire personal jurisdiction over the defendants.

*By the Court.*—Judgment affirmed.