Thea Jay DIETRICH, Plaintiff-Appellant,

v.

Joel T. ELLIOTT and XYZ Insurance Company, an unknown insurance company, Defendants-Respondents.†

Court of Appeals

*No. 94–0869. Submitted on briefs November 11, 1994.—Decided January 4, 1995.*

(Also reported in 528 N.W.2d 17.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert E. Sutton* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Patrick F. Jennings* of Greenfield.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J. Thea Jay Dietrich appeals from a judgment dismissing her complaint against Joel T. Elliott and XYZ Insurance Company. The circuit court ruled that it did not have personal jurisdiction over Elliott because Dietrich had failed to prove adequate service of process.

Dietrich raises three issues on appeal: (1) the dismissal was invalid because it was made by a successor judge after a predecessor judge had ruled differently, (2) Elliott had submitted to the jurisdiction of the cir-

cuit court, and (3) she adequately proved service of process. We affirm the judgment dismissing Dietrich's complaint.

## FACTS AND TRIAL COURT PROCEEDINGS

The controlling facts are undisputed. Elliott, an attorney, represented Dietrich in a real estate transaction on September 15, 1983. On September 14, 1989, one day prior to the expiration of the statute of limitations, Dietrich, acting pro se, filed this legal malpractice action against Elliott in the Waukesha County Circuit Court. At the time this action was filed, Elliott was a resident of Roanoke, Virginia.

Pursuant to § 801.02, STATS., Dietrich arranged to have the Roanoke city sheriff's office serve Elliott with a copy of the summons and complaint. Following service, Elliott filed a responsive pleading entitled "Answer and Jurisdictional Defenses." In this pleading, Elliott alleged, inter alia, that the circuit court lacked jurisdiction because he had not been served with a copy of the summons. In conjunction with his responsive pleading, Elliott filed a document which he titled "Motion To Dismiss, Jurisdictional Objection, Special Appearance." In this document, Elliott renewed his jurisdictional objection.[1]

In response to Elliott's personal jurisdiction challenge, Dietrich filed the affidavit of Roanoke deputy sheriff John T. Eanes stating, inter alia, that he had served Elliott with a copy of the summons and complaint on November 13, 1989.

---

[1] In further support of his motion, Elliott also filed his affidavit stating that although he received a copy of the complaint, he had never been served with a copy of the summons.

820

Dietrich's action was initially assigned to the Honorable Clair Voss. Judge Voss denied Elliott's dismissal motion. After his motion was denied, Elliott made other routine appearances in the action and also took Dietrich's deposition. Thereafter, Elliott again moved for dismissal on the same jurisdictional grounds and, again, Judge Voss denied the motion.[2]

The case was then reassigned to the Honorable Robert G. Mawdsley. Elliott filed yet a third motion to dismiss for lack of personal jurisdiction. In support of this motion, Elliott filed a second affidavit from Eanes dated March 9, 1993. In this affidavit, Eanes stated that he had no present recollection of Elliott or the nature of the documentation received for service. The affidavit further stated that the policy of the sheriff's department is that officers are not to make individual determinations as to the legal sufficiency of any documentation received from out-of-state jurisdictions, nor are they to make any changes, additions or alterations, including photocopying, to any documents. Eanes stated in the affidavit that he has always adhered to this policy.

Judge Mawdsley later found it necessary to disqualify himself from the case, and the matter was then assigned to the Honorable Roger P. Murphy. It is Judge Murphy's rulings which we review on this appeal.

Over Dietrich's objection, Judge Murphy reconsidered Judge Voss's prior rulings. In a memorandum decision, Judge Murphy ruled that Dietrich had failed to meet her burden to prove adequate service of the

---

[2] The appellate record does not include a transcript of any proceedings conducted by Judge Voss on Elliott's motions. Nor does the appellate record include the actual rulings of Judge Voss on these motions. The correctness of these rulings is not directly before us on this appeal.

summons on Elliott. Dietrich appeals. We will recite additional facts as we address the appellate issues.

## DISCUSSION

*Authority of Judge Murphy to Review Judge Voss's Prior Rulings*

Dietrich first argues that Judge Murphy did not have authority to review Judge Voss's prior two rulings rejecting Elliott's challenge to the circuit court's personal jurisdiction over him. Dietrich contends that allowing judges of coordinate jurisdiction to review one another's decisions would lead to "forum shopping" within judicial circuits and would "permit[ ] a circuit judge to act as a court of appeal on another circuit judge's decision."

The law is against Dietrich on this point. It is well established that a successor judge in a circuit court proceeding has the authority to modify or reverse decisions, judgments or rulings of a predecessor judge, so long as the predecessor judge was empowered to make such modifications. *Starke v. Village of Pewaukee,* 85 Wis. 2d 272, 283, 270 N.W.2d 219, 224 (1978). The rationale supporting this law is that the power to modify a judicial ruling belongs to the court, not to any individual judge. *Id.*

Section 806.07(1)(h), STATS., recognizes the circuit court's broad discretionary powers and permits a motion for reconsideration upon a showing of "[a]ny other reason[ ] justifying relief from the operation of the judgment." *See Starke,* 85 Wis. 2d at 286, 270

822

N.W.2d at 226.[3] Under § 806.07(1)(h), the court is permitted to correct erroneous conclusions of law and to address issues not properly dealt with under the original judgment. *Starke,* 85 Wis. 2d at 286, 270 N.W.2d at 226. Therefore, just as Judge Voss had the discretionary authority to reconsider his prior rulings regarding personal jurisdiction, so also did Judge Murphy when judicial control over this case was later assigned to him.[4]

---

[3] Although Judge Voss entered an order, not a judgment, § 806.07(1), STATS., applies to orders and provides as follows:

**Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

[4] Although we agree with Judge Murphy that he had the authority to reconsider Judge Voss's rulings, we disagree with his rationale. Judge Murphy stated that he generally would not be able to review Judge Voss's rulings since he was on the same jurisdictional level. However, because Judge Voss's rulings had not been reduced to writing, Judge Murphy concluded that the rulings were not in appealable form pursuant to § 807.11, STATS. We see no bar to a successor judge's authority to review a prior ruling of a predecessor judge, whether that prior ruling be in oral or written form. Thus, we affirm Judge Murphy's decision,

823

*Personal Jurisdiction*

Waiver

█

Dietrich next argues that even if Judge Murphy did have the authority to review Judge Voss's decision, Elliott waived the defense of lack of personal jurisdiction. Dietrich bases this argument on: (1) the various appearances which Elliott made in the action after Judge Voss initially denied his dismissal motion, and (2) Elliott's deposition of Dietrich after Judge Voss's ruling. Whether Elliott waived the defense of lack of personal jurisdiction is a question of law for our independent review. *See Artis-Wergin v. Artis-Wergin,* 151 Wis. 2d 445, 452, 444 N.W.2d 750, 753 (Ct. App. 1989).

Section 801.06, STATS., provides, in part, that a court having jurisdiction over the subject matter of an action may exercise personal jurisdiction "over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in [§ 802.06(8), STATS.]." However, § 802.06(8)(a) provides that a defense based on a lack of jurisdiction or insufficiency of service of process is waived "only 1) if it is omitted from a motion [consolidating defenses], or 2) if it is neither made by motion under this section nor included in a responsive pleading." *Id.; Artis-Wergin,* 151 Wis. 2d at 452, 444 N.W.2d at 753.

█

In this case, before making any general appearance in the action, Elliott alleged in his answer that he had not been served with a copy of the summons. Thus, Elliott preserved his personal jurisdiction objection

but on different grounds. *See Liberty Trucking Co. v. DILHR,* 57 Wis. 2d 331, 342, 204 N.W.2d 457, 463-64 (1973).

pursuant to § 802.06(8)(a), STATS. However, Elliott did more. He also entered a special appearance in conjunction with his motion to dismiss. This was unnecessary. The "special appearance" procedure no longer applies in Wisconsin. *Honeycrest Farms, Inc. v. A.O. Smith Corp.*, 169 Wis. 2d 596, 603, 486 N.W.2d 539, 541 (Ct. App. 1992).

Having properly preserved his personal jurisdiction, it follows that Elliott's other appearances in the action, including his taking of Dietrich's deposition, did not waive his personal jurisdiction objection. "If a defendant has properly raised his objection to jurisdiction in his answer, he may later take part in pretrial discovery or otherwise contest the merits of the action without waiving his objections to personal jurisdiction."[5] *Danielson v. Brody Seating Co.,* 71 Wis. 2d 424, 431, 238 N.W.2d 531, 535 (1976).

### Service of Process

We now turn to the sufficiency of the service of process. The gist of Elliott's objection was that Eanes's affidavit of service did not conform to the requirements of § 801.10(4)(a), STATS. The statute states in relevant part:

---

[5] For the same reason, we reject Dietrich's suggestion that Elliott should have pursued a discretionary appeal pursuant to RULES 809.50-.52, STATS. Such appeals are, as the label connotes, permissive. If Elliott had lost this case and he was the appellant, he would be entitled to raise the correctness of Judge Voss's adverse rulings in a direct appeal setting. RULE 809.10 (4), STATS., provides in part that, "An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings . . . ."

> Personal or substituted personal service shall be proved by the affidavit of the server indicating the time and date, place and manner of service, that the server is an adult resident of the state of service not a party to the action, that the server knew the person served to be the defendant named in the summons and that the server delivered to and left with the defendant an authenticated copy of the summons.

This statute sets out in clear and unequivocal terms what the affidavit or certificate of service must recite in order to constitute proof of sufficient service. By so doing, the statute functionally advises how valid service is accomplished. In the face of a challenge to the sufficiency of service of process, the party serving the process has the burden to show that process was sufficient. *See American Family Mut. Ins. Co. v. Royal Ins. Co. of America*, 167 Wis. 2d 524, 533, 481 N.W.2d 629, 632 (1992). Generally, an officer's uncontradicted certificate of service is adequate proof of service. *Honeycrest Farms*, 169 Wis. 2d at 603, 486 N.W.2d at 541. However, a defendant may overcome such evidence with "clear and satisfactory proofs" to the contrary. *Id.* (quoted source omitted). The trial court has broad discretion as to the nature of proof it may consider when resolving a sufficiency of process question. *Id.* at 603-04, 486 N.W.2d at 541-42. The evidence may even extend to the taking of testimony. *Id.* at 604, 486 N.W.2d at 542.

Here, however, Eanes's affidavit itself reveals that the service fell short of the statutory requirements set out in § 801.10(4)(a), STATS. For instance, the affidavit of service does not state: (1) the place of service, (2) that

826

Eanes is an adult resident of the state of service and not a party to the action, (3) that Eanes knew Elliott to be the person served, (4) that Eanes knew Elliott to be the defendant, or (5) that Eanes left an authenticated copy of the summons with Elliott. *See id.* Thus, even apart from Elliott's affidavit that he had not been served with a copy of the summons, the service of process was shown to be deficient.

Dietrich does not dispute these deficiencies. Instead, she contends that she has substantially complied with the statute. However, Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh. *Mech v. Borowski,* 116 Wis. 2d 683, 686, 342 N.W.2d 759, 760 (Ct. App. 1983). When a statute provides for service that confers jurisdiction over a party, there must be strict compliance with statutory service requirements. *Id.* "If the statutory prescriptions are to be meaningful, they must be unbending." *Id.*

Dietrich next argues that the defect in this case is merely technical, not formal. She argues under *American Family* that her substantial compliance with the service of process requirements cures this technical defect.

We disagree that *American Family* supports Dietrich's argument. There, a cross-complaining defendant had served unauthenticated copies of the plaintiff's summons and complaint on the other defendant. This constituted a violation of § 801.02(1), STATS., which requires the service of *authenticated* copies. The supreme court held that defects pertaining to the commencement of actions pursuant to § 801.02(1) constituted fundamental defects which could not be

cured by the law of substantial compliance. *American Family*, 167 Wis. 2d at 533-34, 481 N.W.2d at 632-33.

The same logic applies here. Although we examine a different statute, § 801.10(4)(a), STATS., the deficiencies in service revealed by Eanes's affidavit also pertain to the commencement of Dietrich's action. Under *American Family*, substantial compliance is not available to remedy this defect. Instead, Dietrich was required to show strict compliance in the face of Elliott's challenge to the service of process. This she failed to do.

Finally, Dietrich argues from the principle of law stated in *Home Bank v. Becker*, 48 Wis. 2d 1, 6, 179 N.W.2d 855, 858 (1970) (quoted source omitted), that "it is the fact of service which gives the court jurisdiction of the person and not the proof of service." We agree. Thus, in appropriate circumstances, the proof of service need not even be filed. *See* § 801.10(3), STATS. However, where service is challenged, § 801.10(4)(a) mandates that the statutory requirements for sufficient service must be satisfied. Here they were not.

*By the Court.*—Judgment affirmed.