Ruth M. BENDIMEZ, Plaintiff-Respondent,†

v.

Allen M. NEIDERMIRE and Cecelia E. Neidermire, d/b/a Old Mill Shop, and General Casualty Company of Wisconsin, Defendants-Appellants.

Court of Appeals

*No. 98–0656. Submitted on briefs September 28, 1998.—Decided October 13, 1998.*

(Also reported in 588 N.W.2d 55.)

†Petition to review dismissed.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *R. Michael Waterman* of *Mudge Porter Lundeen & Seguin, S.C.*, of Hudson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Vincent J. Moccio* of *Robins, Kaplan, Miller & Ciresi L.L.P.* of Minneapolis, Minnesota.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J.  Allen and Cecelia Neidermire and General Casualty Company of Wisconsin appeal an order denying their motion for summary judgment. The appellants claim the trial court erred by con-

cluding that service on Wisconsin defendants by an out-of-state process server constitutes a technical rather than a fundamental defect. We conclude that such service is fundamentally defective and thus deprives the court of personal jurisdiction. We therefore reverse the trial court's order and remand for entry of judgment of dismissal.

Ruth Bendimez sustained serious injuries when she lost her footing allegedly due to an improper riser step at the Neidermires' retail establishment. Bendimez commenced this action against the Neidermires and their insurance company, General Casualty, by filing a summons and complaint in Polk County. James Jadwin, an employee of Bendimez's attorneys, served the Neidermires in Wisconsin with an authenticated summons and complaint. At the time of service, Jadwin was a Minnesota resident.

The appellants filed a motion for summary judgment arguing insufficient service of process under § 801.10(1), STATS., which provides:

> Who may serve. An authenticated copy of the summons may be served by any *adult resident of the state where service is made* who is not a party to the action. Service shall be made with reasonable diligence. (Emphasis added.)

They claimed that service by a nonresident was a fundamental defect that required dismissal of the action. The trial court denied summary judgment holding that the error was technical and did not prejudice the appellants, a conclusion the appellants appeal.

■

We review a trial court's decision denying summary judgment de novo, as a question of law. *M & I First Nat'l Bank v. Episcopal Homes*, 195 Wis. 2d 485,

496–97, 536 N.W.2d 175, 182 (Ct. App. 1995). In making this determination, we apply the same methodology as the trial court. *Id.* at 496, 536 N.W.2d at 182. Summary judgment methodology is well known, and we need not repeat it "except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing § 802.08(2), STATS.).

Bendimez concedes that service was inadequate under § 801.10(1), STATS., because the process server was not a Wisconsin resident. Thus, the principal issue on appeal is whether Bendimez's failure to serve the appellants by a Wisconsin resident was a "fundamental error" that deprives the trial court of personal jurisdiction over the appellants, or if it was merely a nonprejudicial "technical error." *Gaddis v. LaCrosse Prods.*, 198 Wis. 2d 396, 401, 542 N.W.2d 454, 456 (1996).

Whether a defect is fundamental or technical presents a question of law we review without deference to the lower court. *Burnett v. Hill*, 207 Wis. 2d 110, 121, 557 N.W.2d 800, 805 (1997). The consequence of whether a defect is fundamental or technical is as follows:

> Defects are either technical or fundamental—where the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant is not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof.

*American Family Mut. Ins. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629, 632 (1992). The burden is

on the complainant to show that a defect is merely technical and did not prejudice the defendant. *Id.*

The principal case Wisconsin courts rely upon in determining whether a defect is fundamental or technical is *American Family.* The issue in *American Family* was whether the service of an unauthenticated photocopy of an authenticated summons and complaint was sufficient to meet the mandate of service under § 801.02, Stats., which requires service of an authenticated summons and complaint. *Id.* at 527, 481 N.W.2d at 630. In deciding whether defects in the summons and complaint were fatal to the trial court's jurisdiction, the court looked to both the purpose of the summons and of authentication. *Id.*[1] at 530, 481 N.W.2d at 631. The court stated that the purpose of the summons is to give notice to the defendant that an action has been commenced against such defendant and to confer jurisdiction on the court over the person served. *Id.* The court also explained that the purpose of authentication was to give the clerk of court's assurance that the papers served are true copies of the file documents. *Id. American Family* concluded that the failure to comply with the authentication requirement of § 801.02(1) constituted fundamental error. *Id.* at 533–34, 481 N.W.2d at 632–33. In its holding, "the court noted that Wisconsin courts have consistently held that *procedural* errors involving § 801.02 are fundamental defects that deprive the circuit court of personal jurisdiction." *Gaddis*, 198 Wis. 2d at 402, 542 N.W.2d at 456 (emphasis added).

---

[1] This belies Bendimez's contention that the "purpose" analysis originated in *Gaddis v. LaCrosse Prods.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996), which she essentially claims silently overrules *American Family*'s analysis. *American Family Mut. Ins. v. Royal Ins. Co.*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992).

*Dietrich v. Elliott*, 190 Wis. 2d 816, 528 N.W.2d 17 (Ct. App. 1995), followed the rule in *American Family* and concluded that deficiencies in service under § 801.10, STATS., constitute fundamental defects. *Id.* at 827–28, 528 N.W.2d at 22.[2] In its decision, *Dietrich* relied on the fundamental principals set forth in *Mech v. Borowski*, 116 Wis. 2d 683, 342 N.W.2d 759 (Ct. App. 1983), which mandate strict compliance with the procedures of statutory service to fulfill the statute's purpose of attaining jurisdiction over a party:

> Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh. In *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 428–29, 238 N.W.2d 531, 533–34 (1976), our supreme court held that the service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, even though a different method might properly have been prescribed, and despite actual knowledge by the defendant. When a statute provides for service that confers

---

[2] The *Dietrich* court concluded that the affidavit of service of process fell short of the statutory requirements of § 801.10, STATS. *Dietrich v. Elliot*, 190 Wis. 2d 816, 826–27, 528 N.W.2d 17, 21 (Ct. App. 1995). Specifically, the court held that the affidavit of service did not state: (1) the place of service, (2) that the process server was an adult resident of the state of service and not a party to the action, (3) that the process server knew the defendant to be the person served, (4) that the process server knew that the person served was the defendant, or (5) that the process server left an authenticated copy of the summons with the defendant. *Id.* Four of the five defects also appear in Jadwin's affidavit of service; however, we need not include this analysis in our discussion because it is undisputed that Jadwin was not a resident. Therefore, the affidavit could not comply with the requirements of § 801.10.

jurisdiction over a party, there must be strict compliance with statutory service requirements. *519 Corporation v. State Department of Transportation*, 92 Wis. 2d 276, 287, 284 N.W.2d 643, 649 (1979). Even though failure to comply with the service requirements will result in a dismissal of the action and appear harsh under the circumstances, strict adherence to the procedural provisions is required. *Id.* at 288, 284 N.W.2d at 649. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions are to be meaningful, they must be unbending. *Id.*

*Id.* at 686, 342 N.W.2d at 760.

■ We are bound by the precedent of our own court. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246, 256 (1997). Following *Dietrich*, we conclude that because the appellants were served by a nonresident, Bendimez did not strictly comply with the procedural requirements of § 801.10, STATS. This constitutes a fundamental defect compelling dismissal of the action due to lack of personal jurisdiction.

Bendimez contends that *Gaddis*, and the cases that follow, create a new "purpose of the rule" test, implicitly overruling the standard set forth in *American Family* and *Dietrich*. Contrary to Bendimez's argument, however, Wisconsin courts have consistently looked to the purpose of the statute when interpreting whether fundamental or technical defects exist under statutes prescribing the manner of service. *See Burnett v. Hill*, 207 Wis. 2d 110, 123, 557 N.W.2d 800, 805 (1997) (citing *Big Valley Farms v. PSC*, 66 Wis. 2d 620, 225 N.W.2d 488 (1975), and *American Family*, 167 Wis. 2d at 530, 481 N.W.2d at 629, for the proposition that in interpreting a statute prescribing

the manner of service, we must keep in mind the purpose of the statute and the type of action to which the statute relates). For instance, as already discussed, in *American Family*, the court held that the failure to serve authenticated copies of the summons and complaint was fundamental because the manner of service did not comply with the clear requirements, the "purpose," of § 801.02, STATS., which was to provide assurance to those served that the documents served were true copies of those filed with the court. *See Burnett*, 207 Wis. 2d at 123, 557 N.W.2d at 806.

Moreover, *Gaddis* followed *American Family*[3] and held that the plaintiff's failure to sign the summons constituted a nonprejudicial technical error. Because the complaint was signed, it fulfilled the purpose of the rule that the attorney or party has read the pleading and certifies it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension or modification or reversal of existing law. *Gaddis*, 198 Wis. 2d at 407, 542 N.W.2d at 458. *Gaddis* emphasized that:

> [W]hile it is true that the legislature intended that the summons be signed, it does not automatically follow that the failure to do so results in the court losing jurisdiction. Under that rationale, all defects that fall short of the express statutory language would be considered fundamental defects. Such a rule ignores this court's recognition in *American Family* of the distinction between a technical and a fundamental defect.

---

[3]*American Family,* while declaring § 801.02, STATS., procedural errors fundamental, also recognized that Wisconsin courts have found nonprejudicial technical defects concerning the content and form of the summons. *Id.* at 531–32, 481 N.W.2d at 631–32.

*Id.* at 406, 542 N.W.2d at 458.

Similarly, and cohering to *Gaddis*, we conclude that a fundamental defect exists because the several purposes of § 801.10, STATS., were not met when an out-of-state resident served the defendants. First, the service of process is designed to attain jurisdiction over the defendants. As emphasized in *Mech*, Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh. *Mech*, 116 Wis. 2d at 686, 342 N.W.2d at 760. The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction. *Danielson*, 71 Wis. 2d at 428–29, 238 N.W.2d at 533–34. Second, service by a resident ensures that he or she is readily subject to process in the state of service in the event an issue arises as to service. Although Jadwin presented an affidavit submitting to Wisconsin jurisdiction, § 801.10 *guarantees* that a process server will be subject to Wisconsin jurisdiction with respect to any claim arising out of the service of process. The statutory scheme is designed so as not to be subject to a server's willing submission to submit to this State's jurisdiction.

Upon the foregoing we reverse the trial court's order denying summary judgment and remand for the entry of judgment of dismissal.

*By the Court.*—Order reversed and cause remanded.