Ruzdi USENI, Plaintiff-Appellant-Cross-Respondent,

v.

Steve BOUDRON and Fairview Family Restaurant, Inc., Defendants-Respondents-Cross-Appellants,

HOBART CORPORATION, Defendant.

Court of Appeals

*No. 02–1475. Submitted on briefs March 26, 2003.—Decided April 23, 2003.*

2003 WI App 98

(Also reported in 662 N.W.2d 672.)

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *Alexander S. Kammer* of *Atterbury & Riley, S.C.*, Madison.

On behalf of the defendant-respondent-cross-appellant Steve Boudron, the cause was submitted on the briefs of *Thomas J. Basting, Sr.* and *Margery Mebane Tibbetts* of *Brennan, Steil, Basting & MacDougall, S.C.*, Janesville.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1.  SNYDER, J.  Ruzdi Useni appeals from an order of the circuit court vacating a default judgment

against Steve Boudron,[1] finding excusable neglect for Boudron's failure to file an answer within the proper time. Useni argues that the circuit court's decision to vacate the default judgment against Boudron was in error and in contravention of well-accepted principles governing excusable neglect. In addition, Useni argues that Boudron waived his defense of lack of personal jurisdiction. Boudron cross-appeals, arguing that the service of process upon him was insufficient and the circuit court lacked personal jurisdiction over him. We agree with Boudron that service was improper and the circuit court lacked personal jurisdiction over him. We therefore dismiss the appeal and grant the cross-appeal. Consequently, Useni's personal cause of action against Boudron is dismissed.

---

[1] The caption in this case, and the majority of the references in this case, refer to the defendant as Steve Boudron; however, some references spell the name "Budron." We will utilize the name in the caption, Boudron.

[2] In his original brief on appeal, Useni did not provide any citations to the record to corroborate the facts set out in his briefs but instead cited to his appendix. Such failure is a violation of WIS. STAT. RULE 809.19(1)(d) and (3) (2001–02) of the rules of appellate procedure, which requires parties to set out facts "relevant to the issues presented for review, with appropriate references to the record." An appellate court is improperly burdened where briefs fail to consistently and accurately cite to the record. *Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957). All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Furthermore, while the record documents in this case are numbered, the record documents do not contain any page numbers and are therefore difficult to utilize for reference. It is the appellant's responsibility to ensure that the record is sufficient to facilitate appellate review. *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).

## FACTS[2]

¶ 2.   On July 26, 1999, Useni commenced this personal injury action to recover damages for injuries he allegedly sustained while operating a band saw manufactured by Hobart Corporation and which had been sold to him by Fairview Family Restaurant, Inc. (Fairview). Useni originally commenced this action against Boudron, individually, and Hobart, claiming that Boudron had sold the band saw to him and that it was unreasonably dangerous at the time of the sale.[3] Personal service was obtained over Boudron on August 9, 1999.

¶ 3.   On August 30, 1999, Useni filed an amended summons and complaint naming only Fairview and Hobart as defendants; Boudron was not named as a defendant. Service was obtained over Fairview on September 9, 1999. A second amended summons and complaint was filed on January 26, 2000, naming Boudron, Fairview and Hobart all as defendants. The affidavit of the process server indicates that he served the business of "Fairview Family Restaurant, Inc." by serving "Steven M. Boudron owner/agent" at the business. The manner of service indicates that it was corporate service and only one copy of the authenticated summons and complaint was served.

¶ 4.   On July 6, 2000, Useni filed a motion for default judgment against Boudron and Fairview, alleging neither defendant had filed any responsive pleading within the required time. On July 14, 2000, the circuit court entered default judgment against Boudron and Fairview. On November 28, 2000, Useni filed a motion for a hearing on damages. On January 12, 2001,

---

[3] Hobart eventually settled with Useni and is no longer a party to this action.

Boudron filed a pro se motion to vacate the default judgment; the motion did not address the propriety of service of process. That same day, a hearing was held on the issue of damages and the circuit court awarded Useni $2,131,718 in damages against Boudron.

¶ 5.   On January 25, 2001, Boudron filed another pro se motion to vacate the default judgment but again did not raise the issue of service of process. On February 6, 2001, the circuit court entered an order denying Boudron's motion to vacate. On February 12, 2001, Boudron filed an amended supplemental motion to vacate the default judgment; as grounds for this motion, he alleged that he was never properly personally served.

¶ 6.   On June 13, 2001, a hearing was held on this motion. The circuit court ruled that Boudron was properly served but his failure to file an answer constituted excusable neglect and thus the circuit court vacated the default judgment. An order was entered accordingly. Useni appeals the vacation of the default judgment and Boudron cross-appeals the finding that he was properly served.[4]

## DISCUSSION

¶ 7.   Useni argues that the circuit court's decision to vacate the default judgment against Boudron was in error and in contravention of well-accepted principles governing excusable neglect. He also argues that

[4] Default judgment was entered against Fairview in the amount of $2,131,718 on August 21, 2001. That judgment has not been appealed. In addition, after further litigation in this matter, the action against Boudron was later dismissed by summary judgment on other grounds.

Boudron waived his defense of lack of personal jurisdiction. Boudron argues that the service of process upon him was insufficient and the circuit court lacked personal jurisdiction over him. We agree with Boudron that service was improper. Because we conclude that the circuit court lacked personal jurisdiction over Boudron, we need not address Useni's remaining arguments. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

¶ 8.   Whether service of a summons is sufficient to obtain personal jurisdiction over a defendant involves the interpretation and application of a statute to undisputed facts and is reviewed as a question of law. *Dungan v. County of Pierce,* 170 Wis. 2d 89, 93, 486 N.W.2d 579 (Ct. App. 1992). The procedural requirements of commencing an action are specified in Wis. Stat. § 801.02, which provides, in relevant part:

> **(1)** A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

The purpose of the summons is twofold:   it gives notice to the defendant that an action has been commenced against such defendant and it confers jurisdiction on the court over the person served. *Am. Family Mut. Ins. Co. v. Royal Ins. Co. of Am.,* 167 Wis. 2d 524, 530, 481 N.W.2d 629 (1992). Wisconsin Stat. § 801.11 addresses personal jurisdiction and the manner of serving a summons and states, in relevant part:

A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

(1) NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

790

(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

¶ 9. Here, Boudron was properly served with the original summons and complaint; however, an amended summons and complaint was filed wherein Boudron was not named as a defendant, which therefore dismissed Boudron as a party-defendant. The amended summons and complaint effectively nullified the first summons and complaint, insofar as Boudron is concerned. *See Holman v. Family Health Plan*, 227 Wis. 2d 478, 484, 596 N.W.2d 358 (1999) (an amended complaint supersedes or supplants the prior complaint). A second amended summons and complaint named Fairview, Boudron's business, and renamed Boudron as defendants. Thus, Useni was required once more to obtain personal jurisdiction by individually serving Boudron with the second amended pleadings and complaint in compliance with Wis. Stat. §§ 801.02 and 801.11.

¶ 10. The affidavit of the process server indicates that he served the second amended complaint upon the business of "Fairview Family Restaurant, Inc." by serving "Steven M. Boudron owner/agent" at the business. The manner of service indicates that it was corporate service. One copy of the authenticated summons and complaint was served.

¶ 11. Neither Wis. Stat. § 801.02(1) nor § 801.11 allows a defendant who is being sued in a dual capacity (personally and officially) to be served in only one of those capacities; in fact, the plain language of the statute mandates that each defendant, Boudron and Fairview, be individually served. It is clear from the

affidavit of the process server that only Fairview was served, not Boudron. Thus, Boudron was never properly served.

¶ 12.   Useni argues that Boudron waived the right to object to lack of personal jurisdiction by filing motions to vacate the default judgment without raising the issue and then by appearing at the hearing on damages, attempting to argue the merits of Useni's claim. Proper service of a summons and complaint is required to confer personal jurisdiction on the court over the person served. *See Am. Family*, 167 Wis. 2d at 530. Motion papers cannot confer jurisdiction where a summons and complaint are required. *Estate of Boyle v. Wickhem, Buell, Meier, Wickhem & Southworth, S.C.*, 134 Wis. 2d 214, 223, 397 N.W.2d 124 (Ct. App. 1986). Furthermore, appearances in an action do not waive a personal jurisdiction defense. *Honeycrest Farms, Inc. v. Brave Harvestore Sys., Inc.*, 200 Wis. 2d 256, 268, 546 N.W.2d 192 (Ct. App. 1996).

¶ 13.   Wisconsin compels strict compliance with the rules of statutory service, even though the consequences may appear to be harsh. *Bendimez v. Neidermire*, 222 Wis. 2d 356, 361, 588 N.W.2d 55 (Ct. App. 1998). Our supreme court has held that service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, despite actual knowledge by the defendant. *Id.* Even though failure to comply with the service requirements will result in a dismissal of the action and appear harsh under the circumstances, strict adherence to the procedural provisions is required. *Id.* at 362. Uniformity, consistency and compliance with procedural rules

792

are important aspects of the administration of justice; if the statutory prescriptions are to be meaningful, they must be unbending. *Id*.

## CONCLUSION

¶ 14.    The circuit court did not obtain personal jurisdiction over Boudron because Useni failed to properly serve him with an authenticated copy of the second amended summons and complaint. Consequently, we grant the cross-appeal, reverse the order of the circuit court that Useni obtained personal jurisdiction over Boudron and dismiss the action.

¶ 15.    Boudron moves for attorney's fees and costs under WIS. STAT. § 809.25(3). Boudron's motion does not specifically address whether the fees and costs are warranted under subd. (c)1 or 2. We decline to find that Useni's appeal was frivolous and deny the motion.

*By the Court.*—Appeal dismissed; cross-appeal granted; order reversed and action dismissed.