COURT OF APPEALS
DECISION
DATED AND FILED

September 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2386**

Cir. Ct. No. **2019SC3099**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STB INVESTMENTS LLC,

    PLAINTIFF-RESPONDENT,

 V.

RICHARD WOOD,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Outagamie County: GREGORY B. GILL, JR., Judge. *Reversed and cause remanded with directions.*

¶1 STARK, P.J.[1] Richard Wood, pro se, appeals a judgment of eviction entered in favor of STB Investments LLC. Wood asserts that the circuit

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

court lacked personal jurisdiction over him because he was not properly served with STB's summons and complaint. We agree, and accordingly, we reverse the eviction judgment and remand for the circuit court to dismiss STB's complaint without prejudice.[2]

## BACKGROUND

¶2 In 2008, Wood began leasing a commercial property located in Appleton from STB. On October 16, 2019, STB filed a small claims summons and complaint seeking to evict Wood from the leased premises. STB also alleged that it was entitled to $7,452.81 in damages.

¶3 It is undisputed that STB's summons and complaint were not personally served on Wood. Instead, the Outagamie County Sheriff's Office filed an affidavit on October 24, 2019, stating that sheriff's deputies had unsuccessfully attempted to personally serve Wood at the leased premises on October 17, 18, and 19. The affidavit further stated that after receiving no answer at the leased premises on October 19, a deputy posted the summons and complaint on the door. According to the affidavit, the summons and complaint were then mailed to Wood on October 21.

¶4 On November 1, 2019, Wood filed an answer in which he expressly asserted, as affirmative defenses, that the circuit court lacked personal jurisdiction over him, that STB's claims were barred because the complaint was not signed,

---

[2] Wood also argues that STB failed to meet its burden of proof and that the circuit court erred by failing to make findings of fact. Because we reverse the eviction judgment based on the court's lack of personal jurisdiction, we need not address these additional arguments. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

2

and that the summons and complaint were "untimely or insufficiently served." On November 11, Wood filed a motion to dismiss based on STB's failure to sign the complaint.

¶5 The circuit court held a hearing in this matter on November 12, 2019. At the outset of the hearing, the court denied Wood's motion to dismiss based on STB's failure to sign the complaint, noting that WIS. STAT. § 802.05 allowed STB to correct that error. The court therefore directed STB's representative to sign the complaint. Wood and STB then informed the court of their respective positions regarding the merits of STB's lawsuit. Thereafter, Wood argued that dismissal of STB's complaint was warranted because Wood had not been properly served. The court responded that the statutory service requirements are designed to provide litigants with notice of proceedings against them, and Wood's appearance at the hearing showed that he had received notice.

¶6 Wood subsequently moved for reconsideration of the circuit court's oral ruling denying his motion to dismiss. As relevant to this appeal, Wood asserted that the court had erred by denying his oral motion to dismiss based on improper service of the summons and complaint. The court denied Wood's reconsideration motion during a hearing on December 2, 2019. The court again reasoned that Wood's appearance at the hearing was sufficient to establish that he had received notice of STB's lawsuit. The court then proceeded to consider the merits and determined that STB was entitled to a judgment of eviction. Wood now appeals.

## DISCUSSION

¶7 "The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, notwithstanding

3

actual knowledge by the defendant." ***Span v. Span***, 52 Wis. 2d 786, 789, 191 N.W.2d 209 (1971). "Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh." ***Dietrich v. Elliott***, 190 Wis. 2d 816, 827, 528 N.W.2d 17 (Ct. App. 1995). When the facts are undisputed, whether the service of a summons satisfied the statutory requirements is a question of law that we review independently. ***Useni v. Boudron***, 2003 WI App 98, ¶8, 264 Wis. 2d 783, 662 N.W.2d 672.

¶8      The service of a summons in a small claims action is governed by WIS. STAT. § 799.12. Subsection (1) of the statute states that except as otherwise provided in WIS. STAT. ch. 799, "all provisions of [WIS. STAT.] chs. 801 to 847 with respect to jurisdiction of the persons of defendants, the procedure of commencing civil actions, and the mode and manner of service of process, shall apply to actions and proceedings under this chapter." Sec. 799.12(1). Subsection (2), in turn, provides that a circuit court "may by rule authorize the service of summons in some or all actions under this chapter by mail … in lieu of personal or substituted service under [WIS. STAT. §] 801.11." Sec. 799.12(2).

¶9      The Outagamie County Circuit Court has established a local rule permitting the service of a summons by mail in certain small claims actions; however, the local rule expressly requires "personal service" of a summons in an eviction action. OUTAGAMIE CNTY. CIRC. CT. R. 9.2. The local rule further provides that if a defendant cannot be served "by personal or substitute service" with reasonable diligence, the clerk of court "will issue a new return date allowing timely publication of a Class 3 notice under [WIS. STAT. ch.] 985." ***Id.***

¶10     WISCONSIN STAT. § 801.11—which is applicable to small claims actions by virtue of WIS. STAT. § 799.12(1)—similarly provides that a court may

not exercise personal jurisdiction over a defendant who is a natural person unless the summons is personally served on the defendant. Sec. 801.11(1)(a). If the defendant cannot with reasonable diligence be personally served, service may be accomplished "by leaving a copy of the summons at the defendant's usual place of abode," in the presence of either a competent family member over the age of fourteen or a competent adult currently residing in the defendant's abode. Sec. 801.11(1)(b). If the defendant cannot with reasonable diligence be served using either of the methods set forth above, "service may be made by publication of the summons as a class 3 notice, under [WIS. STAT.] ch. 985, and by mailing." Sec. 801.11(1)(c).

¶11 As noted above, it is undisputed that Wood was not personally served with STB's small claims summons. In addition, the undisputed facts establish that the summons was not left with a competent family member or adult at Wood's place of abode. Moreover, service was not made by publication of the summons as a class 3 notice under WIS. STAT. ch. 985. Instead, the summons was posted on the door of the leased premises (which were not Wood's place of abode), and the summons was then mailed to Wood. These undisputed facts establish that Wood was not properly served under either WIS. STAT. § 801.11 or Outagamie County's local rule. As such, the circuit court lacked personal jurisdiction over Wood.[3]

---

[3] Under certain circumstances, a notice from a landlord to a tenant under WIS. STAT. ch. 704 may be delivered by "affixing a copy of the notice in a conspicuous place on the rented premises where it can be conveniently read and by mailing a copy by regular or other mail to the tenant's last-known address." *See* WIS. STAT. § 704.21(1)(c). As Wood correctly notes, however, this case does not involve the delivery of a notice under ch. 704; it involves the service of a small claims summons. Section 704.21(1)(c) is therefore inapplicable.

¶12     The circuit court rejected Wood's personal jurisdiction argument on the grounds that Wood had appeared at the scheduled hearings and therefore had "notice" of STB's lawsuit. However, "a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court; rather, '[s]ervice must be made in accordance with the manner prescribed by statute.'" ***Johnson v. Cintas Corp. No. 2***, 2012 WI 31, ¶25, 339 Wis. 2d 493, 811 N.W.2d 756 (citation omitted). As explained above, Wood was not properly served with STB's summons under either WIS. STAT. § 801.11 or Outagamie County's local rule. The court therefore lacked personal jurisdiction over Wood, regardless of whether he had actual notice of STB's lawsuit.

¶13     Wood argues in his brief-in-chief on appeal that he did not waive his objection to personal jurisdiction by appearing at the November 12 and December 2, 2019 hearings. Under WIS. STAT. § 802.06(2)(a)3., a defendant may raise an objection to personal jurisdiction either by motion or in a responsive pleading. "[W]aiver of personal jurisdiction defects happens when the defects are not raised by either a proper pleading or a motion." ***Studelska v. Avercamp***, 178 Wis. 2d 457, 462, 504 N.W.2d 125 (Ct. App. 1993). If a defendant has properly raised an objection to personal jurisdiction in his or her answer, the defendant may later take part in pretrial discovery or otherwise contest the merits of the action without waiving his or her objection. ***Dietrich***, 190 Wis. 2d at 825.

¶14     Here, Wood raised the issue of the circuit court's lack of personal jurisdiction as an affirmative defense in his answer to STB's complaint, and he then asserted during the November 12, 2019 hearing that dismissal was warranted because he had not been properly served. Wood contends these facts show that he preserved his objection to personal jurisdiction. STB does not respond to this argument or otherwise assert that Wood waived his objection to personal

jurisdiction, and we therefore deem the point conceded. *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.**, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded).

¶15    Because we conclude the circuit court lacked personal jurisdiction over Wood, we reverse the judgment of eviction. We remand this matter for the court to dismiss STB's complaint without prejudice. *See **Haselow v. Gauthier**, 212 Wis. 2d 580, 591-92, 569 N.W.2d 97 (Ct. App. 1997) (concluding dismissal without prejudice was the appropriate remedy in a case where the plaintiff failed to obtain personal jurisdiction over the defendant).

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.