STATE, Appellant, vs. BERRES, Respondent.

*April 8—May 3, 1955.*

104

For the appellant there were briefs by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and *Kenneth M. Plaisted,* attorney, and oral argument by *Mr. Honeck* and *Mr. Plaisted.*

For the respondent there was a brief by *Schroeder, Sheets & Schroeder,* attorneys, and *Robert W. Schroeder* and *Clyde E. Sheets* of counsel, all of Milwaukee, and oral argument by *Robert W. Schroeder.*

GEHL, J. The statutes involved are as follows:

"85.08  MOTOR VEHICLE OPERATOR'S LICENSE. . . .

"(25)  *Mandatory revocation of license.*  Whenever an operator is convicted under a state law or under a county, city, or village ordinance which is in conformity to the state law (except that such ordinance need not impose imprisonment to so conform), the commissioner shall forthwith revoke the operator's license upon receiving the record of such operator's conviction of any of the following offenses when such conviction has become final: . . .

"(b)  Operation of a motor vehicle while under the influence of intoxicating liquor or a narcotic or dangerous drug; . . .

"(25a)  *Conviction set aside.*  Whenever a conviction is reversed, set aside, or vacated, the department shall forthwith reinstate and restore any valid operator's license which had been surrendered by such licensee. . . .

"(32)  *Surrender and return of licenses.*  The commissioner or his duly appointed agent is authorized to take possession of any license upon the suspension or revocation thereof under the provisions of this section or to direct any person empowered to enforce the provisions of chapter 85 to take possession thereof and to return the same to the office of the commissioner. Upon receipt of notice of the suspension or revocation of any person's license to operate a motor vehicle, the license issued to or in the possession of such person shall be immediately surrendered to the department."

The trial court held and the defendant contends that a conviction has become final so as to require the revocation of an operator's license only after an appeal has been taken, in this case to the municipal court of Milwaukee county, and is there disposed of by a final conviction, or until the time for appeal has expired. He urges that because it is provided that trial *de novo* is had upon such appeal the prior conviction has not become final.

The term "final conviction" or judgment cannot be given a hard and fast definition. Whether a thing is to be con-

sidered final depends upon its purpose and use; it may be final for one purpose and not for another.

The provision of sec. 85.08 (25), Stats., that the license shall be revoked upon receipt by the commissioner of the record of the operator's conviction "when such conviction has become final" appears to be inconsistent with that of sub. (25a) that:

"Whenever a conviction is reversed, set aside, or vacated, the department shall forthwith reinstate and restore any valid operator's license which had been surrendered by such licensee."

If the expression "when such conviction has become final" is to be construed as meaning that revocation shall not occur until there has been a final and conclusive determination of the litigation, that the conviction is not final while it may be followed by other proceedings determinative of the rights of the parties in the same or a reviewing court, then, of course, it cannot be reconciled with the provisions of sub. (25a) which obviously contemplate the possibility of a revocation pending an appeal. Such construction would render the provisions of sub. (25a) meaningless.

If, on the other hand, the expression "when such conviction has become final" it is to be interpreted as meaning that revocation shall occur when the trial court has finally acted upon the matter there is no inconsistency. Similar expressions and provisions have been so construed. It has been held that judgments, which for the purpose of our treatment of the subject may be considered as convictions, are final when they dispose of the subject matter of the action as to all parties so far as the court before which the action is pending has power to dispose of it. *Waddy Blue Grass Creamery Co. v. Davis-Rankin Bldg. & Mfg. Co.* (1898), 103 Ky. 579, 45 S. W. 895; *Wardall v. State* (Cal. 1946), 166 Pac. (2d) 23; *Murray v. Mutschelknaus* (1940), 70 N. D. 1, 291

N. W. 118; *Glendenning Motorways v. Green Bay & W. R. Co.* (1949), 256 Wis. 69, 39 N. W. (2d) 694.

In *In re Casebier* (1930), 129 Kan. 853, 284 Pac. 611, an attorney had been convicted of an offense involving moral turpitude. By the terms of a Kansas statute it was provided that upon receipt of a certified copy of a judgment showing conviction of such offense the supreme court must enter an order disbarring the attorney. Pending an appeal from the judgment of conviction the supreme court received notice of the conviction and revoked the attorney's license. A special proceeding was had to permit the attorney to present his contention that the statute was unconstitutional and that the court was not authorized to act, since the conviction was not final. To the latter argument the court replied (p. 859) : "A judgment of conviction is final when the tribunal in which it is rendered gets done with it."

We must, if it is reasonably possible, construe the statute so as to avoid inconsistency and conflict, and to give effect to every part of it. *State v. Hackbarth* (1938), 228 Wis. 108, 279 N. W. 687. In observance of the rule we are compelled to conclude that for the purposes of the statute here involved, a conviction becomes final when the court which has rendered it has exercised all the powers confided to it and has made an adjudication of guilt.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.