STATE of Wisconsin, Plaintiff-Respondent,

v.

ONE 1997 FORD F-150, Maroon in Color, VIN:
1FTDX1860VNA24501, Wisconsin License #:
B121933, And Its Appurtenances, and David
(NMI) Beck, Defendants-Appellants.†

Court of Appeals

*No. 02–2685. Submitted on briefs April 9, 2003.
—Decided May 7, 2003.*

2003 WI App 128

(Also reported in 665 N.W.2d 411.)

† Petition to review denied 10-21-03.

· On behalf of the defendants-appellants, the cause was submitted on the briefs of *Alex Flynn & Associates, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Sarah K. Larson*, assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. BROWN, J. David Beck[1] appeals from a default judgment entered against him in this automobile forfeiture action. On appeal, Beck argues that the default judgment was improper for two reasons. Beck first submits that the affidavit of service failed to comply with the requirements of WIS. STAT. § 801.10(4)(a) (2001–02),[2] asserting that the affiant, the process server, did not properly affirm his having provided Beck with an authenticated copy of the summons and, as a result, the trial court lacked personal jurisdiction over him. Alternatively, Beck contends that the term "adjudication," for purposes of adjournment under the forfeiture statute, encompasses the appeal of the underlying criminal conviction and, therefore, he is entitled to further adjournment of the forfeiture proceedings pending his appeal of the conviction of the crime which formed the basis for the seizure of his property.

¶ 2. We conclude that the affiant in the affidavit of service did properly affirm that Beck was served with an authenticated copy of the summons and that Beck was personally served with the forfeiture action such that jurisdiction attached. We also hold that the adju-

---

[1] We note that David Beck's Ford F-150 truck is also a named party in this action. For ease of reference, we will refer to both parties as "Beck."

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

dication of a criminal charge for purposes of the forfeiture statute occurs at the moment the trial court enters its finding of guilt or innocence and does not embrace an appeal. Therefore, we also conclude that Beck is not entitled to adjournment of these proceedings pending the outcome of his appeal of his criminal conviction. We affirm.

¶ 3. The relevant facts are not in dispute. On January 8, 2001, the State charged Beck with first-degree intentional homicide and endangering safety by use of a dangerous weapon. Subsequently, on January 23, 2001, the State filed a forfeiture complaint and an affidavit in support thereof against Beck, alleging that the gun used in the murder was transported in Beck's Ford F-150 truck.

¶ 4. In response to the forfeiture complaint, Beck filed a request to adjourn the forfeiture proceedings pursuant to WIS. STAT. § 973.076(2) because the charge concerning the crime that was the basis of the seizure of the truck had not yet been adjudicated. The court granted the adjournment.

¶ 5. Thereafter, in March 2002, Beck was found guilty of the first-degree intentional homicide charge underlying the forfeiture action.[3] The court then issued a notice of hearing in the forfeiture case, which it set for June 3. No responsive pleadings were filed. At the June 3 hearing, the State orally requested a default judgment. Beck raised concerns about the proof of service. At the direction of the court, the State filed a motion for default judgment, together with an affidavit of service and an affidavit in support of service. In the affidavit of

---

[3] The appellate record does not contain the judgment of conviction from the murder case. Beck, however, concedes in his appellate brief that he was convicted of that charge.

service, the affiant, a sheriff's officer from Fond du Lac county, indicated that he personally served Beck with the summons, complaint and affidavit the district attorney's office had provided him and that he was aware that the district attorney's office procedures mandate that only authenticated copies of pleadings for service including the summons, complaint and affidavit be prepared for service. In the affidavit in support of service, another affiant, the office coordinator at the district attorney's office, indicated that the district attorney's office policy is to prepare only authenticated copies of the summons, complaint and affidavit for service. The office coordinator avowed that this procedure was followed in Beck's forfeiture case and that authenticated copies were provided to the sheriff's department for service in Beck's forfeiture case.

¶ 6. In response, Beck filed a request for continued adjournment of the forfeiture proceeding on the grounds that his appeal in the underlying criminal case was still pending and, therefore, there had not been a final "adjudication" of the charges underlying the forfeiture action. The State filed a reply to Beck's request for continued adjournment, arguing that "adjudication" had taken place when Beck was found guilty and a judgment of conviction was entered against him.

¶ 7. In a written decision, the trial court concluded that the service of the summons and complaint was properly made and, therefore, the court had jurisdiction. The court then determined that Beck never served an answer or joined an issue of law or fact and thus default judgment was the appropriate remedy. The court also concluded that "adjudication" of the criminal charge had taken place and denied Beck's request for continued adjournment of the forfeiture proceedings.

The court granted default judgment in favor of the State. Beck now appeals the default forfeiture judgment against him.

¶ 8. We first address Beck's argument concerning the adequacy of the service of process. Beck argues that the State's affidavit of service fails to comply with the requirements of Wis. Stat. § 801.10(4)(a) because the affiant, the process server, "neither directly stated nor affirmed on belief that he served an authenticated copy of the summons on Beck." He observes that in the affidavit of service, the process server simply averred, "I personally served David Beck with a summons, complaint, and affidavit . . . ." Beck seems to contend that the only way the State can prove authenticated copies were served is to submit an affidavit in which the process server specifically states that he or she served the defendant with "authenticated" copies or did so to the best of his or her knowledge.

¶ 9. The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction. *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 429, 238 N.W.2d 531 (1976). Whether service of a summons is sufficient to obtain personal jurisdiction over a defendant involves the interpretation and application of a statute to undisputed facts and is reviewed as a question of law. *Dungan v. County of Pierce*, 170 Wis. 2d 89, 93, 486 N.W.2d 579 (Ct. App. 1992).

¶ 10. Wisconsin Stat. § 801.10(4)(a) sets out in clear and unequivocal terms what the affidavit or certificate of service must recite in order to constitute proof of sufficient service. When a defendant challenges the sufficiency of service, the serving party must pro-

271

vide an affidavit of service from the process server indicating: (1) the time and date, place and manner of service; (2) that the server is an adult resident of the state of service and not a party to the action; (3) that the server knew the person served to be the defendant named in the summons; and (4) that the server delivered to and left with the defendant an authenticated copy of the summons. *Id.* A party is required to show strict compliance with the requirements of this section when service is challenged. *See Dietrich v. Elliott,* 190 Wis. 2d 816, 827, 528 N.W.2d 17 (Ct. App. 1995).

¶ 11. In *State v. Boyd,* 2000 WI App 208, ¶ 21, 238 Wis. 2d 693, 618 N.W.2d 251, we applied the requirements of WIS. STAT. § 801.10(4)(a) in a similar context. There, the affiant stated that to "the best of [his] knowledge and belief" he served the defendant with an authenticated copy of the summons, based on the fact that the clerk of courts told him that the clerk's office authenticates all summonses and complaints received for processing and that he served the defendant with the summons and complaint that he received from the clerk's office after processing. *Boyd,* 238 Wis. 2d 693, ¶ 21. The defendant argued that the affidavit of service failed to comply with § 801.10(4)(a) because the affiant did not rely on his personal knowledge to attest that an authenticated summons was served on him, but instead referred to a third person's knowledge about the clerk's office's processing procedures. *Boyd,* 238 Wis. 2d 693, ¶ 21.

██

¶ 12. We concluded that the affidavit proving service complied with WIS. STAT. § 801.10(4)(a). *Boyd,* 238 Wis. 2d 693, ¶ 24. We held that "[a]ll that the statute requires is that the affiant affirm that an authenticated copy of the summons was served." *Id.* We reasoned that

§ 801.10(4)(a) does not require that the affiant have firsthand knowledge of how the documents were authenticated, nor does it state that the affiant's statements must be unqualified. *Boyd*, 238 Wis. 2d 693, ¶ 24.

¶ 13. Applying this reasoning to the instant case, it is clear that the process server in the affidavit of service properly affirmed that he had served an authenticated copy of the summons on Beck. The process server relied on the knowledge of a third person, the district attorney's office coordinator, to demonstrate that he had delivered to and left with Beck an authenticated copy of the summons. As *Boyd* instructs, the process server need not rely on his or her own personal knowledge to attest that an authenticated summons was served for the affidavit of service. *See id.*, ¶¶ 21, 24. Furthermore, the fact that the process server did not make an explicit affirmation, such as "I served an authenticated copy" or "[t]o the best of my knowledge and belief I served an authenticated copy," does not, as Beck would have us believe, fatally undermine the State's service of process. The statute does not specify the manner in which the process server must affirm that an authenticated copy has been served. As *Boyd* teaches us, the dictates of the statute can be satisfied in many ways; the statute's only requirement is that the process server's affirmation that he or she delivered an authenticated copy to the defendant is found within the four corners of the affidavit of service. The State's affidavit of service fulfills this requirement.

¶ 14. In its decision, the trial court stated that it had received and reviewed all of the State's submissions. When resolving a sufficiency of the service of process question, the trial court has broad discretion as

to the nature and extent of the evidence and testimony it will consider on the matter. *Dietrich*, 190 Wis. 2d at 826. Here, the affidavit in support of service from the office coordinator at the district attorney's office serves to bolster the credibility of the process server's affirmance that an authenticated copy was indeed served on Beck. Beck has not provided any contrary evidence suggesting that he was not served with an authenticated copy of the summons and complaint. Accordingly, we hold that the trial court correctly concluded that service was properly and timely made and that Beck had been personally served with the forfeiture action such that jurisdiction had attached.

¶ 15. We now turn to Beck's second argument on appeal. Beck submits that the default judgment entered against him was improper because he was entitled to further adjournment of the forfeiture proceedings, pending his appeal of the underlying criminal conviction. Beck's argument rests on the definition of the term "adjudication" as it is used in Wis. Stat. § 973.076(2)(a). He contends that "adjudication," for purposes of adjournment under the forfeiture statute, implies finality, and concludes that because criminal defendants have an appeal of right from their convictions, "adjudication" encompasses the appeal of the underlying criminal conviction.

¶ 16. Beck's assertion presents us with a question of statutory interpretation. Statutory interpretation is a question of law to which we apply a de novo standard of review. *State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998). The ultimate goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Id.* Our first inquiry is always to the language of the statute. *Id.* If a statute is

clear on its face, our inquiry ends because we are prohibited from looking beyond the unambiguous language used by the legislature. *Id.*

¶ 17. The forfeiture statute provides that subject to certain exceptions not relevant here, all vehicles used to transport any property or weapons used in the commission of a felony are subject to seizure and forfeiture. *See* Wis. Stat. § 973.075(1)(b)lm.a. Pursuant to Wis. Stat. § 973.076(2)(a), the forfeiture action must be commenced within thirty days after the seizure of the property or the date of conviction, whichever is earlier. The defendant, however, "may request that the forfeiture proceedings be adjourned until after *adjudication* of any charge concerning a crime which was the basis for the seizure of the property," and that request "shall be granted." *Id.* (emphasis added).

¶ 18. While the term "adjudication" is not itself specifically defined in the statutes, its meaning can be ascertained from an examination of the definitions of other related terms. Wisconsin Stat. § 967.02 defines the terms "judgment" and "court" for purposes of Wis. Stat. chs. 967 through 979. This forfeiture proceeding falls within those chapters. Section 967.02(8) provides that "judgment" means "an adjudication by the court that the defendant is guilty or not guilty." Section 967.02(7) states that "court" means "the circuit court unless otherwise indicated." Thus, according to the plain language of the statute, "adjudication" occurs at the moment of a finding of guilt or innocence by a circuit court and, therefore, the term does not embrace an appeal of a conviction. Accordingly, we hold that Wis. Stat. § 973.076(2)(a) does not contemplate adjournment of forfeiture proceedings pending an appeal of the underlying criminal conviction.

¶ 19. While we acknowledge that the case is not directly on point, we find support for our conclusion in *State v. Berres*, 270 Wis. 103, 70 N.W.2d 197 (1955). There, our supreme court rejected a driver's contention that a conviction became final for the purpose of revoking an operator's license only after an appeal had been disposed of or the time for an appeal expired. *Id.* at 105, 107. The court held that a conviction becomes final when the court which has rendered it has exercised all the powers confided to it and has made an adjudication of guilt. *Id.* at 107. The court explained that it had previously been held that judgments, which the court considered the same as convictions, are "final when they dispose of the subject matter of the action as to all parties so far as the court before which the action is pending has power to dispose of it." *Id.* at 106.

¶ 20. The court's reasoning applies with equal force to the instant case. Beck's criminal conviction became final when the trial court issued the judgment of conviction; it was intended to dispose of the entire matter in the criminal litigation. The fact that criminal litigants have the right to appeal from a judgment of conviction does not make the judgment any less final. *See Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 493–94, 326 N.W.2d 240 (1982) (rejecting the proposition that subsequent events can determine the finality of the order or judgment and holding that the test of finality is not what later happened in the case but rather whether the trial court contemplated the document to be a final judgment or order at the time it was entered); *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979) (same). We therefore reject

Beck's complaint that the trial court should have adjourned the proceedings pending his appeal and affirm the default judgment.

*By the Court.*—Judgment affirmed.