COURT OF APPEALS
DECISION
DATED AND FILED

May 9, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP714**

Cir. Ct. No.  **2020CV4744**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

RAFEAL D. NEWSON,

   PLAINTIFF-APPELLANT,

V.

JUDGE JEFFREY WAGNER, MILWAUKEE COUNTY CIRCUIT COURT JUDGE, JUDGE KITTY BRENNAN, MILWAUKEE COUNTY CIRCUIT COURT JUDGE, JUDGE JOHN DIMOTTO, MILWAUKEE COUNTY CIRCUIT COURT JUDGE, MILWAUKEE COUNTY AND COURT COMMISSIONER FRANK J. LISKA, JR., MILWAUKEE COUNTY,

   DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Milwaukee County: MICHAEL O. BOHREN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rafeal Newson, pro se, appeals an order dismissing his claims against current Milwaukee County Circuit Court Judge Jeffrey Wagner and former Milwaukee County Circuit Court Judges Kitty Brennan and John DiMotto (collectively, "the judicial defendants"). Newson also appeals an order that: (1) denied his motion for a default judgment against Milwaukee County and former Milwaukee County Court Commissioner Frank J. Liska, Jr. (collectively, "the county defendants"); and (2) dismissed his claims against the county defendants. In response, the county defendants assert that Newson's appeal is frivolous, and they request an award of fees and costs under WIS. STAT. RULE 809.25(3) (2021-22).[1]

¶2 We conclude that the circuit court properly dismissed Newson's claims against the judicial defendants because those claims are barred by the applicable statute of limitations. We further conclude that the court properly denied Newson's motion for a default judgment and dismissed his claims against the county defendants because Newson failed to prove that he properly served the county defendants. We therefore affirm. We do not, however, conclude that Newson's appeal is frivolous under WIS. STAT. RULE 809.25(3). Accordingly, we deny the county defendants' request for fees and costs.

## BACKGROUND

¶3 In 2000, Newson was extradited from Arizona to Wisconsin to stand trial for first-degree intentional homicide in connection with the 1996 death of Terrance Maclin. *See* *State v. Newson*, No. 2017AP551, unpublished slip op.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶¶4-6 (WI App Sept. 18, 2018).[2]  Newson was found guilty of that offense following a jury trial in March 2001, and he was sentenced to life imprisonment, with eligibility for parole beginning on January 1, 2050.  *Id.*, ¶6.  Newson's sentence was to be served consecutively to an Arizona sentence, and he was returned to Arizona to complete his sentence there.  *Id.*  In July 2016, Newson was released from prison in Arizona and was remanded to the custody of the Wisconsin Department of Corrections to serve his Wisconsin sentence.  *Id.*, ¶12.

¶4      Over the years, Newson has unsuccessfully challenged his Wisconsin conviction in multiple prior appeals.  *See State v. Newson*, No. 2002AP959-CR, unpublished op. and order (WI App Sept. 22, 2003); *State v. Newson*, No. 2004AP2988, unpublished slip op. (WI App Sept. 20, 2005); *State ex rel. Newson v. Circuit Court*, No. 2011AP1569-W, unpublished op. and order (WI App July 27, 2012); *Newson*, No. 2017AP551; *State ex rel. Newson v. Foster*, No. 2019AP1464, unpublished op. and order (WI App May 4, 2021); *State v. Newson*, No. 2020AP1041, unpublished op. and order (WI App Dec. 6, 2022).

¶5      On August 11, 2020, Newson filed a complaint (but no summons) against the judicial defendants and the county defendants, asserting claims under 42 U.S.C. § 1983.  Newson alleged, generally, that the judicial defendants and Commissioner Liska had violated his civil rights by approving a warrant for his extradition from Arizona and by presiding over various stages of his criminal proceedings.

---

[2]  Subject to limited exceptions that are not applicable here, an unpublished opinion may not be cited as precedent or authority.  *See* WIS. STAT. RULE 809.23(3)(a)-(b).  We do not, however, cite our decisions from Newson's previous appeals as precedent or authority.  Instead, we cite them to provide necessary background and context for the issues raised in this case.

3

¶6 More specifically, Newson alleged that when Judge Wagner was presented with an application for a writ in connection with Newson's extradition, Judge Wagner "certified that the facts recited [were] correct" and "transmitted the action in accordance with its terms and the provisions of the [Interstate] Agreement on Detainers [IAD]." Newson alleged that the writ transmitted to the State of Arizona "contained a copy of a December 6, 1996, unfiled criminal complaint, that was not done before a court commissioner or judge, and had no case number, nor file-stamp from the Clerk of Court showing authenticity."

¶7 Newson next alleged that after he was extradited to Wisconsin, Commissioner Liska conducted his initial appearance, during which the clerk referred to a "modified" criminal complaint with a new case number that had been filed on August 29, 2000. Newson alleged that Commissioner Liska then made a finding of probable cause that Newson had committed a felony.

¶8 Newson further alleged that Judge Brennan presided over his criminal case from September 8, 2000, until March 5, 2001. According to Newson's complaint, Judge Brennan "was well-aware of the IAD, yet pressed on for trial." Finally, Newson alleged that Judge DiMotto "presided over [his] trial," his sentencing, and his "extradition back to Arizona" and "ruled over [his] post-conviction/appeal process in initial filing, during December 2001 – January 2002."

¶9 Newson's complaint alleged that "[a]ll Defendants were derelict in their duties in directives from the Wisconsin Supreme Court, all Defendants breached the IAD contract/compact, [and] were parties to the fraud." As relief, Newson sought $20,000,000 in damages from each defendant, as well as an order for his immediate release from prison.

¶10     On August 27, 2020, the judicial defendants filed a motion to dismiss Newson's claims against them on multiple grounds, namely:  failure to file suit before the applicable statute of limitations expired, judicial immunity, failure to serve a written notice of claim, and failure to state a claim on which relief could be granted.  Thereafter, on September 30, 2020, Newson filed a summons, which included an attached copy of the same complaint that he had previously filed on August 11.

¶11     On December 1, 2020, Commissioner Liska filed a motion to dismiss, asserting that Newson had failed to properly serve Commissioner Liska, that Newson had failed to file a notice of claim, that Newson's claims were barred by the applicable statute of limitations, and that Newson's claims were barred by judicial immunity.  Milwaukee County subsequently filed its own motion to dismiss on January 29, 2021, on the grounds of improper service, failure to file a notice of claim, failure to comply with the applicable statute of limitations, and failure to state a claim against Milwaukee County on which relief could be granted.  Newson moved to strike the pleadings filed by Commissioner Liska and Milwaukee County, and he asked the circuit court to find them in default for failing to timely respond to his complaint.

¶12     The circuit court held a hearing on the parties' pending motions on April 13, 2021.  After hearing arguments from the parties, the court granted all of the defendants' motions to dismiss and denied Newson's motions for default judgment against the county defendants.

¶13     With respect to the judicial defendants, the circuit court determined that Newson had not filed his complaint within the time limit prescribed by the applicable statute of limitations, that Newson's claims were barred by judicial

5

immunity, and that Newson had failed to state a claim for his immediate release from prison. The court further concluded that although Newson had properly served Milwaukee County, he was not entitled to a default judgment because his complaint failed to state a claim against Milwaukee County on which relief could be granted. The court next concluded that Newson had not properly served Commissioner Liska and, therefore, was not entitled to a default judgment against him. In addition, the court concluded that Newson's claims against Commissioner Liska were barred by judicial immunity and by the applicable statute of limitations.

¶14 Newson now appeals, arguing that the circuit court erred by granting the defendants' motions to dismiss and by denying his motions for default judgment against the county defendants.

**DISCUSSION**

**I. The judicial defendants**

¶15 We conclude that the circuit court properly dismissed Newson's claims against the judicial defendants because those claims are barred by the applicable statute of limitations. In light of this conclusion, we need not address the parties' other arguments regarding Newson's claims against the judicial defendants. *See **Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

¶16 When the facts are undisputed, whether the applicable statute of limitations has run on a given claim is a question of law. ***Munger v. Seehafer***, 2016 WI App 89, ¶18, 372 Wis. 2d 749, 890 N.W.2d 22. Here, Newson's

complaint alleged claims against the judicial defendants under 42 U.S.C. § 1983. WISCONSIN STAT. § 893.53 is the applicable statute of limitations for § 1983 claims. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656 (1998). At the time of the acts alleged in Newson's complaint, § 893.53 required an action to be commenced "within 6 years after the cause of action accrues … or be barred." WIS. STAT. § 893.53 (2001-02).[3] A § 1983 claim accrues when the plaintiff has "a complete and present cause of action"—that is, "when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted).

¶17 Newson's claims against the judicial defendants were based on actions that they allegedly took between April 2000 and January 2002. The actions in question were judicial acts that were either effectuated upon Newson or occurred in his presence. As such, Newson would have been aware of each of those acts at the time that they occurred. In fact, Newson's claims against the judicial defendants are based on the premise that the alleged errors in the extradition process were so obvious and egregious that the judicial defendants were "derelict in their duties" by failing to notice and correct them. If this assertion is correct, then the errors would also have been obvious to Newson and to his attorney in the criminal case, such that Newson could have filed suit and obtained relief against the judicial defendants at that time. Under these circumstances, Newson's § 1983 claims against the judicial defendants accrued at the time of the actions alleged in his complaint—that is, between April 2000 and January 2002. Newson did not file the instant lawsuit until August 2020—over

---

[3] WISCONSIN STAT. § 893.53 was amended in 2018 to change the limitations period from six years to three years. *See* 2017 Wis. Act 235, § 26. The judicial defendants concede that the amended statute does not apply to Newson's case.

eighteen years after the last of the acts alleged in his complaint. Newson's claims against the judicial defendants are therefore barred by the applicable six-year statute of limitations.

¶18 Newson's arguments to the contrary lack merit. First, Newson argues that "kidnapping/false imprisonment" is a "continuing offense," and because he is still in prison, the violation is ongoing and the statute of limitations has not yet begun to run. Newson's complaint does not, however, allege any conduct by the judicial defendants that would constitute kidnapping. Newson does not, for instance, allege that any of the judicial defendants acted "[b]y force or threat of imminent force" or "[b]y deceit induce[d him] to go from one place to another." *See* WIS. STAT. § 940.31(1)(a)-(c).

¶19 With respect to false imprisonment, Newson cites ***Wallace*** for the proposition that the limitations period for a false imprisonment claim begins to run "when the alleged false imprisonment ends." *See **Wallace***, 549 U.S. at 389 (citation omitted). The ***Wallace*** court went on to state, however, that "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process—* when, for example, he [or she] is bound over by a magistrate or arraigned on charges." ***Id.*** Thus, Newson's alleged false imprisonment would have ended when he was bound over for trial, which necessarily would have occurred before his jury trial in March 2001. Consequently, to the extent Newson's complaint states a claim for false imprisonment, that claim would have accrued before March 2001 and is therefore barred by the applicable six-year statute of limitations.

¶20     Newson next argues that the IAD "has no expressed statute of limitations" and that, because the IAD gives rise to a "public right," a state statute of limitations is not binding in an action to enforce the IAD. This argument fails because Newson's claims against the judicial defendants arise under 42 U.S.C. § 1983, not the IAD. As noted above, the limitations period in WIS. STAT. § 893.53 applies to § 1983 claims. *See* **Hemberger**, 216 Wis. 2d at 519. Moreover, the case that Newson cites in support of his "public right" argument actually held that "state statutes of limitation neither bind nor have any application *to the United States*, when suing to enforce a public right or to protect interests of its Indian wards." **United States v. Minnesota**, 270 U.S. 181, 196 (1926) (emphasis added). The fact that a state statute of limitations does not bind *the United States* when suing to enforce a public right does not mean that a state statute of limitations is inapplicable to Newson, a private individual.

¶21     Newson also asserts that under WIS. STAT. § 893.19, his claims did not accrue until July 2016, when he was released from custody in Arizona and was returned to Wisconsin to begin serving his sentence here. That statute applies, however, "[i]f a person is out of this state when the cause of action accrues *against the person* ...." Sec. 893.19(1) (emphasis added). Here, the issue is not when a cause of action *against Newson* accrued but when Newson's cause of action *against the judicial defendants* accrued. We therefore agree with the judicial defendants that, under the circumstances of this case, § 893.19 "affords no extension to Newson for the time he spent in Arizona prisons."

¶22     Newson next cites WIS. STAT. § 893.40, which states that an action "upon a judgment or decree of a court of record of any state or of the United States shall be commenced within 20 years after the judgment or decree is entered or be barred." Newson believes that under § 893.40, he had twenty years to file his

§ 1983 claims, rather than six years. By its plain language, however, § 893.40 governs actions to enforce judgments or judicial decrees. Newson's § 1983 claims do not seek to enforce any judgment or judicial decree, and § 893.40 is therefore inapplicable.

¶23 Next, Newson argues that there is no statute of limitations for a lawsuit challenging a "void judgment" and that an objection to a circuit court's subject matter jurisdiction may be brought at any time. This argument fails because Newson's current lawsuit is a civil rights action against various judicial officials and Milwaukee County, not an action to attack the judgment in his criminal case. Stated differently, in the instant case, Newson is not directly challenging his judgment of conviction on the grounds that it is void or that the criminal court lacked subject matter jurisdiction; instead, Newson is arguing that various actions taken by the defendants violated his civil rights. As already noted, WIS. STAT. § 893.53 provides the applicable limitations period for a civil rights claim under 42 U.S.C. § 1983.

¶24 Newson also asserts that a defendant in a civil rights action is estopped from pleading the statute of limitations when the defendant's own fraudulent conduct prevented the plaintiff from filing suit within the applicable time period. *See* **Bell v. City of Milwaukee**, 498 F. Supp. 1339, 1343 (E.D. Wis. 1980). Newson then contends, without any supporting citations to the record or specific allegations, that the "identit[ies] of liable defendants were fraudulently concealed" from him. We reject this argument because Newson's complaint does not allege that the identities of any defendants were fraudulently concealed from him. Consequently, nothing in Newson's complaint would support a conclusion that the defendants committed fraudulent conduct, much less that such conduct

10

prevented Newson from filing suit within the applicable six-year limitations period.

¶25    Finally, Newson contends that because his complaint alleged that the defendants committed fraud, he was necessarily entitled to a jury trial and the circuit court could not dismiss his claims on statute of limitations grounds. The legal authorities that Newson cites do not support this proposition. Here, the allegations in Newson's complaint, if true, show that his § 1983 claims against the judicial defendants (including any claims for fraud) accrued when the acts alleged in the complaint occurred—that is, between April 2000 and January 2002. Under these circumstances, Newson's claims against the judicial defendants, which were not filed until August 2020, are clearly barred by the applicable six-year statute of limitations. Consequently, the circuit court properly granted the judicial defendants' motion to dismiss.

## II.  The county defendants

¶26    As noted above, Newson argues that the circuit court erred by denying his motions for default judgment against the county defendants and by granting the county defendants' motions to dismiss. We conclude that the court did not err in these respects because Newson failed to prove that he properly served the county defendants. Given this conclusion, we need not address the parties' other arguments regarding the county defendants. *See Turner*, 268 Wis. 2d 628, ¶1 n.1.

¶27    "The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction." *State v. One 1997 Ford F-150*, 2003 WI App 128, ¶9, 265 Wis. 2d 264, 665 N.W.2d 411. When a defendant appears in an action and challenges the sufficiency of service,

the plaintiff must provide proof of service as required by WIS. STAT. § 801.10(4). *See One 1997 Ford F-150*, 265 Wis. 2d 264, ¶9. Under that statute,

> [p]ersonal or substituted personal service shall be proved *by the affidavit of the server* indicating the time and date, place and manner of service; that the server is an adult resident of the state of service or, if service is made in this state, an adult resident of this state or of Illinois, Iowa, Michigan, or Minnesota and is not a party to the action; that the server knew the person served to be the defendant named in the summons; and that the server delivered to and left with the defendant an authenticated copy of the summons.

Sec. 801.10(4)(a) (emphasis added).[4]

---

[4] Paragraph (b) of WIS. STAT. § 801.10(4) pertains to proof of service by publication, and paragraph (c) relates to a defendant's written admission regarding service. Those paragraphs are not at issue in this case.

Newson was required by statute to personally serve the summons on Commissioner Liska. *See* WIS. STAT. § 801.11(1)(a). In order to serve Milwaukee County, Newson was required to personally serve the chairperson of the county board or the county clerk or to leave a copy of the summons "in the office of such officer … with the person who [was] apparently in charge of the office." *See* § 801.11(4)(a)1., (b).

While Newson contends that he was not required to personally serve Commissioner Liska, he is mistaken. Citing WIS. STAT. § 806.02(2), Newson asserts that "[p]ersonal service is not required in actions other than those on contract for money only." Section 806.02(2), however, says no such thing. Instead, § 806.02(2) states in full:

> After filing the complaint, counterclaim, or cross claim and proof of service thereof and after filing an affidavit that the party against whom judgment is sought is in default for failure to join issue, a party may move for judgment according to the demand of the complaint, counterclaim, or cross claim. If the amount of money sought was excluded from the demand for judgment, as required under [§] 802.02(1m), the court shall require the moving party to specify the amount of money claimed and provide that information to the court and to the other parties appearing in the action prior to the court rendering judgment. If proof of any fact is necessary for the court to render judgment, the court shall receive the proof.

(continued)

¶28    Thus, when a defendant challenges service, WIS. STAT. § 801.10(4)(a) requires a plaintiff to produce an affidavit of the person who served the defendant in order to prove that personal or substituted personal service was effected.  Here, both Milwaukee County and Commissioner Liska challenged service in their respective motions to dismiss.  In response, Newson did not submit any affidavit from a person who had allegedly served either Milwaukee County or Commissioner Liska.

¶29    Instead, Newson submitted a document captioned "Proof of Service," which was signed by Newson and which "certif[ied]" that a copy of the summons and complaint had been served on Milwaukee County via the county clerk's office on November 5, 2020.  The same document "certif[ied]" that Commissioner Liska was served "via Certified Mail" to his attorney on November 9, 2020.  Newson also submitted a copy of the first page of the summons, which bears a stamp indicating that it was "received" by the Milwaukee County Clerk on November 5, 2020.  Newson further submitted what appears to be a certified mail receipt showing that mail of some sort was received by the Milwaukee County Corporation Counsel's office on November 9, 2020.  Finally, Newson submitted his own affidavit, in which he averred that the Milwaukee County Clerk's office "stamped an 'Authenticated and Filed' copy of the complaint and summon[s]" on November 5, 2020, and that the Milwaukee County Corporation Counsel's office "received" an "'Authenticated and Filed' copy of the complaint and summon[s]" on November 9, 2020.  None of these documents

---

Nothing in this statute states that personal service is required only in actions on contracts for money.

provide the proof required by WIS. STAT. § 801.10(4)(a)—that is, an affidavit of the person who effected personal or substituted personal service on the defendant.

¶30    During the hearing on Newson's default judgment motions and the defendants' motions to dismiss, Newson told the circuit court that he "had somebody go down to the county clerk and personally serve them the paper and get it stamped." Newson also asserted that he "did a courtesy copy certified mail to the office of the [corporation] counsel in Milwaukee." As the county defendants correctly note, however, "Newson's own representations" regarding service "are insufficient to meet the requirements of" WIS. STAT. § 801.10(4)(a).

¶31    Because the county defendants challenged service in their motions to dismiss and Newson subsequently failed to prove service in the manner required by WIS. STAT. § 801.10(4)(a), the circuit court properly denied Newson's motions for default judgment against the county defendants. *See Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398-99, 393 N.W.2d 95 (Ct. App. 1986) (holding that a plaintiff must prove proper service in order to obtain a default judgment). In addition, the court properly granted the county defendants' motions to dismiss for lack of personal jurisdiction, based on Newson's failure to prove that the county defendants were properly served. *See One 1997 Ford F-150*, 265 Wis. 2d 264, ¶9 ("The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction.").[5]

---

[5] The circuit court determined that Milwaukee County was properly served, based on the file stamp showing that the summons was "received" by the Milwaukee County Clerk's office on November 5, 2020. We may, however, affirm a circuit court's decision on different grounds. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010).

(continued)

### III. Frivolous appeal

¶32    The county defendants assert that Newson's appeal is frivolous, and they therefore ask us to award them fees and costs under WIS. STAT. RULE 809.25(3).  To find an appeal frivolous, we must find either that: (1) the appeal was filed, used, or continued in bad faith, solely for purposes of harassing or maliciously injuring another; or (2) the party or the party's attorney knew, or should have known, that the appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.  RULE 809.25(3)(c).

¶33    In support of their assertion that Newson's appeal is frivolous under these standards, the county defendants cite our 2021 decision in case No. 2019AP1464, in which we affirmed a circuit court's order denying Newson's

---

In any event, even assuming that Milwaukee County was properly served, we would nevertheless affirm the circuit court's decisions denying Newson's motion for a default judgment against Milwaukee County and granting Milwaukee County's motion to dismiss.  To secure a default judgment, a plaintiff must make two preliminary showings: (1) that the complaint was served in the manner and within the time prescribed by statute; and (2) that the complaint contains allegations sufficient in law to state a claim for relief against the defendant.  ***Davis v. City of Elkhorn***, 132 Wis. 2d 394, 398-99, 393 N.W.2d 95 (Ct. App. 1986).

The circuit court concluded—and we agree—that Newson's complaint fails to state a claim against Milwaukee County on which relief can be granted.  As the court aptly noted, Newson's complaint contains no allegations whatsoever pertaining to conduct by Milwaukee County, as opposed to conduct by the judicial defendants and Commissioner Liska.  Although Newson asserts that Milwaukee County is liable for the acts of the other defendants pursuant to the doctrine of respondeat superior, a municipality "cannot be held liable under § 1983 on a respondeat superior theory."  ***Monell v. Department of Soc. Servs.***, 436 U.S. 658, 691 (1978) (italics omitted).  Instead, to prove municipal liability under § 1983, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury.  ***Slabey v. Dunn County***, 2023 WI 2, ¶24, 405 Wis. 2d 404, 983 N.W.2d 626.  Newson's complaint does not identify any Milwaukee County policy or custom that caused his alleged injuries.  As such, Newson's complaint fails to state a claim against Milwaukee County under § 1983 on which relief can be granted.

15

petition for a writ of habeas corpus. *See Newson*, No. 2019AP1464. In that case, Newson challenged "the legality of his extradition to Wisconsin from Arizona in 2000 to answer a criminal charge against him in this state." *Id.* at 1. We concluded that Newson was not entitled to habeas relief, and we noted that Newson had "claimed in multiple proceedings that errors in the extradition process resulted in jurisdictional flaws that invalidate [his] judgment of conviction." *Id.* at 9. We observed that "[t]his issue is resolved," and we cautioned Newson that "we are prepared to impose appropriate sanctions should he persist in making repetitive allegations, regardless of whether they are couched as motions, petitions, or appeals." *Id.* at 9-10.

¶34 The county defendants assert that despite this admonition, Newson "continues to harass current and former officials and entities including [Commissioner Liska] and Milwaukee County, and he does so knowing that his efforts to escape responsibility for his decades-old conduct are without any reasonable basis in law or equity." Although we acknowledge the county defendants' frustration regarding Newson's repeated filings, we deny their request for fees and costs for two reasons.

¶35 First, although Newson has repeatedly challenged his criminal conviction in prior appeals, this case does not involve an attack on his judgment of conviction. Instead, Newson argues in this case that the defendants violated his civil rights and are therefore liable under 42 U.S.C. § 1983. Thus, the claims that Newson has asserted in this case do not fall squarely within our admonition to Newson in case No. 2019AP1464.

¶36 Second, although we affirm the circuit court's orders for the reasons explained above, we cannot conclude that Newson's entire appeal is frivolous

under WIS. STAT. RULE 809.25(3). *See **Howell v. Denomie***, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621 (providing that an appeal is not frivolous under RULE 809.25(3) unless the entire appeal is frivolous); *see also **Thompson v. Ouellette***, 2023 WI App 7, ¶44, 406 Wis. 2d 99, 986 N.W.2d 338 (applying a similar standard under WIS. STAT. § 895.044(5)). While we are not persuaded by Newson's arguments, we cannot conclude that those arguments lack any reasonable basis in law or equity or were advanced solely for the purpose of harassing the county defendants. We therefore deny the county defendants' request for fees and costs under RULE 809.25(3).

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.